IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

| | |
|---|---|
| Susan Doxtator, Arlie Doxtator, and Sarah Wunderlich, as Special Administrators of the Estate of Jonathon C. Tubby, | Case No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | |
| Erik O'Brien, Colton Wernecke, Andrew Smith, John R. Gossage, Heidi Michel, City of Green Bay, Brown County, and John Does 1-10, | |
| Defendants, | |

_____

Plaintiffs Susan Doxtator ("Sue Doxtator"), Arlie Doxtator, and Sarah Wunderlich, in their capacities as the special administrators of the Estate of Jonathon C. Tubby, as and for their Complaint against Erik O'Brien, Colton Wernecke, Andrew Smith, John R. Gossage, Heidi Michel, the City of Green Bay, Brown County, and John Does 1-10, allege and state as follows:

## INTRODUCTION

1. On October 19, 2018, Jonathon Tubby, a twenty-six year old resident of Green Bay, Wisconsin, was shot multiple times, including in the head, by a Green Bay police officer while unarmed, in handcuffs, and in custody at the Brown County jail. The shooting occurred in the "sally port" of the Brown County Jail and was observed by several Green Bay police officers and Brown County sheriff deputies and correctional

officers, who failed to intervene. The shooting of an unarmed and restrained man by a police officer at the jail is an egregious violation of the U.S. Constitution. Plaintiffs, the personal representatives of Mr. Tubby's estate, bring this civil action to vindicate his constitutional rights.

## JURISDICTION AND VENUE

2. This is an action for civil damages and injunctive relief pursuant to 42 U.S.C. § 1983 based upon violations of Mr. Tubby's rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction in this Court exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on violations of 42 U.S.C. § 1983 and claims arising under the United States Constitution. After the statutory notice period in Wis. Stat. § 893.80 expires, Plaintiffs will seek leave to amend their Complaint to add claims arising under Wisconsin state law. Supplemental jurisdiction over Plaintiffs' state law claims will be pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over all Defendants because they have substantial contacts with and/or are domiciled within this District.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that "a substantial part of the events giving rise to the claim occurred" in this District.

## PARTIES

5. At the time of his death, Jonathon Tubby was a resident of Green Bay, Wisconsin.

6. Susan ("Sue") Doxtator, Arlie Doxtator, and Sarah Wunderlich (collectively "Plaintiffs") were appointed Special Administrators of Mr. Tubby's estate

pursuant to Letters of Special Administration dated December 7, 2018 in the probate matter captioned *In the Matter of the Estate of Jonathon C. Tubby*, 2018-PR-000428, in Brown County Circuit Court. Under the Letters of Special Administration, Sue Doxtator, Arlie Doxtator, and Sarah Wunderlich were jointly granted all the same powers, duties, and liabilities as a Personal Representative for Mr. Tubby's estate.

7. Sue Doxtator and Arlie Doxtator are residents of Seymour, Wisconsin.

8. Sarah Wunderlich is a resident of Green Bay, Wisconsin.

9. At the time of Jonathon Tubby's death, Defendants Erik O'Brien and Colton Wernecke were police officers employed by the Green Bay Police Department. Officers O'Brien and Wernecke are sued in their individual capacities.

10. Defendant Andrew Smith is the Chief of Police of the Green Bay Police Department, and in his official capacity is responsible for the hiring, training, and supervision of Defendant Officers O'Brien, Wernecke, and the Defendant John Doe police officers employed by the Green Bay Police Department who were present during the shooting of Jonathon Tubby. Defendant Smith is sued in his official capacity.

11. Defendant John R. Gossage is the Sherriff of Brown County, Wisconsin, and in his official capacity is responsible for the operation of the Brown County Jail, and the hiring, training, and supervision of Defendant Heidi Michel, and Defendant John Doe sheriff deputies and correctional officers employed by the Brown County Sherriff's Department who were present during the shooting of Mr. Tubby. Gossage is sued in his official capacity.

12. Defendant Heidi Michel is the Jail Administrator for the Brown County Jail, and is responsible for the day-to-day operation of the jail. Administrator Michel is sued in her official capacity.

13. Defendant City of Green Bay is a municipal corporation with its principal place of business at 100 North Jefferson Street, Green Bay, WI 54301. The City maintains and operates the Green Bay Police Department.

14. Defendant Brown County is a municipal corporation with its principal place of business at 305 E. Walnut Street, Green Bay, Wisconsin 54301. Brown County maintains and operates the Brown County Sherriff's Department and Brown County Jail.

15. John Does 1-10 are Green Bay police officers, Brown County sheriffs, and Brown County correctional officers who were present at the arrest and/or shooting of Jonathon Tubby on October 19, 2018, or whose actions or failures to act contributed to Mr. Tubby's death. John Does 1-10 are sued in in their individual capacities.

## STATEMENT OF FACTS

16. On October 19, 2018, Jonathon Tubby was stopped for a traffic violation by Officers O'Brien and Wernecke of the Green Bay Police Department.

17. During the course of this stop, Officers O'Brien and Wernecke determined that Mr. Tubby had an outstanding warrant for failure to report to the Brown County Jail for a 60-day sentence for Operating While Revoked, a non-violent crime under the laws of the state of Wisconsin.

18. Officers O'Brien and Wernecke handcuffed Mr. Tubby and placed him in their patrol vehicle for transport to the Brown County Jail. On information and belief,

Officers O'Brien and/or Wernecke conducted a search incident to the arrest and handcuffing of Mr. Tubby and determined that he was unarmed.

19. Upon Officer's O'Brien and Wernecke's arrival at the jail with Mr. Tubby, a large number of Defendant John Doe officers, sheriffs, and correctional officers were present in the "sally port" of the Brown County Jail. A "sally port" is a secured entryway of a jail, where arrestees are transported from a vehicle into the jail itself. These Defendant John Doe officers, sheriffs, and correctional officers could see that Mr. Tubby was handcuffed and would have known that he was unarmed due to the search that would have been standard procedure incident to a suspect being arrested, handcuffed, and taken into custody.

20. While Mr. Tubby was unarmed, handcuffed, and in custody of Officers O'Brien and Wernecke in the "sally port," Officer O'Brien fired multiple shots at Mr. Tubby, killing him. These shots by Officer O'Brien struck Mr. Tubby, including at least one shot to the head at close range.

21. On information and belief, at no time while Officer O'Brien was drawing his gun and firing his weapon at Mr. Tubby did Officer Wernecke nor any of the other John Doe Defendants intervene to prevent O'Brien from using deadly force against the unarmed, handcuffed man.

22. At all times Defendants Officers O'Brien, Wernecke, and the Defendant John Doe officers, sheriff deputies, and correctional officers were acting under color of state law.

## COUNT I—Unconstitutional Use of Deadly Force—42 U.S.C. § 1983

## (Against Officer O'Brien)

23. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 22 above, as if fully set forth below.

24. Officer O'Brien's use of deadly force against an unarmed, handcuffed man constitutes a violation of the Fourth, Eighth, and Fourteenth Amendments of the U.S. Constitution. The use of deadly force against unarmed, handcuffed man by a police officer employed by the City of Green Bay constitutes an unreasonable seizure, a deprivation of Mr. Tubby's right of liberty with due process of law, and cruel and unusual punishment.

25. At the time of Officer O'Brien's use of deadly force, Officer O'Brien was acting under the color of law. O'Brien's ability to shoot Mr. Tubby multiple times, including in the head, while Mr. Tubby was unarmed and handcuffed was made possible only because O'Brien was clothed with the authority of a Green Bay police officer.

26. At the time of Officer O'Brien's use of deadly force, no reasonable officer in his position would have believed deadly force was justified. It was clearly established at the time of Mr. Tubby's death that an officer may use deadly force only when a reasonable officer, under the same circumstances, would believe that a suspect's actions placed the officer or others in the immediate vicinity in imminent danger of death or serious harm. At the time of Mr. Tubby's death, he was handcuffed and unarmed. No reasonable officer could have believed that Mr. Tubby's actions placed the officer or others in the immediate vicinity in imminent danger of death or serious harm.

27. The conduct of Officer O'Brien thus violated clearly established rights of Mr. Tubby of which reasonable officers knew or should have known.

28. As a direct and proximate result of the conduct of Officer O'Brien described above, committed in reckless disregard of Mr. Tubby's rights, Mr. Tubby and Plaintiffs have been damaged in various respects, including but not limited to the deprivation of Mr. Tubby of his life and his pre-death pain and suffering and pecuniary loss, all resulting from and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

29. As a result of Officer O'Brien's violations of Mr. Tubby's constitutional rights, Mr. Tubby's estate is entitled to damages in an amount to be determined at trial and Plaintiffs are entitled to injunctive relief that will prevent other incidents of deadly force by Green Bay police officers.

**COUNT II—Failure to Intervene—42 U.S.C. § 1983**
**(Against Officers Wernecke, John Does 1-10)**

30. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 29 above, as if fully set below.

31. Officer Wernecke and John Does 1-10 owed Mr. Tubby a duty to intervene if another officer used excessive force on him.

32. Officer Wernecke and John Does 1-10 could see Officer O'Brien draw his gun and begin firing at Mr. Tubby, and knew that Officer O'Brien was about to use deadly force against Mr. Tubby by shooting him multiple times, including in the head.

Officer Wernecke and John Does 1-10 knew that the use of deadly force by Officer O'Brien would violate clearly established rights of Mr. Tubby of which reasonable officers knew or should have known, as Mr. Tubby did not pose a risk of imminent danger of death or serious harm to Officer O'Brien or any others in the immediate vicinity because Mr. Tubby was unarmed and handcuffed.

33. Officer Wernecke and Defendant John Does 1-10 were present in the "sally port" near Officer O'Brien and had a realistic opportunity to take steps to prevent Officer O'Brien from shooting Mr. Tubby.

34. Officer Wernecke and Defendant John Does 1-10 failed to take reasonable steps to prevent Officer O'Brien from shooting Mr. Tubby multiple times, including in the head, while Mr. Tubby was unarmed and handcuffed.

35. As a result of Officer Wernecke and Defendant John Does 1-10's failure to act, Mr. Tubby was killed by Officer O'Brien.

36. At the time of Officer O'Brien's improper use of deadly force, Officer Wernecke and Defendant John Does 1-10 were acting under the color of law. Officer Wernecke and Defendant John Does 1-10 possessed the power to intervene to prevent violation of Mr. Tubby's constitutional rights by virtue of their authority under state law as police officers, sheriff deputies, and/or correctional officers. They misused this power by failing to intervene.

37. The conduct of Officer Wernecke and Defendant John Does 1-10 thus violated clearly established rights of Mr. Tubby of which reasonable officers knew or should have known.

38. As a direct and proximate result of the conduct of Officer Wernecke and Defendant John Does 1-10 described above, committed in reckless disregard of Mr. Tubby's rights, Mr. Tubby and Plaintiffs have been damaged in various respects, including but not limited to the deprivation of Mr. Tubby of his life and his pre-death pain and suffering and pecuniary loss, all resulting from and attributable to the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and protected under 42 U.S.C. § 1983.

39. As a result of violations of Mr. Tubby's constitutional rights by Officer Wernecke and John Does 1-10, Mr. Tubby's estate is entitled to damages in an amount to be determined at trial and Plaintiffs are entitled to injunctive relief that will prevent other incidents of deadly force in the presence of Green Bay police officers, Brown County sheriff deputies, and/or Brown County correctional officers.

## COUNT III—Failure to Supervise—42 U.S.C. § 1983

**(Against Defendants Smith, Gossage, Michel, City of Green Bay, and Brown County)**

40. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 39 above, as if fully set below.

41. Defendants Smith, Gossage, Michel, City of Green Bay, and Brown County failed to adequately supervise Officers O'Brien, Wernecke and Defendant John Does 1-10.

42. Due to the tense nature of transport of arrestees into jail and due to prior confrontations and incidents at Brown County Jail and the "sally port," Officers Smith, Gossage, Michel, Green Bay, and Brown County knew that it was highly predictable that excessive force would be used by Green Bay police officers and Brown County sheriff deputies and/or correctional officers unless these officers were adequately supervised.

43. It is a common and standard practice for jails to install video and audio recording equipment in the "sally port" area. The existence of video and audio recording equipment to supervise the "sally port" serves as a deterrent to excessive force by officers at the jail and also serves as evidence to assist in disciplinary or criminal proceedings against officers that use excessive force.

44. Smith, Gossage, Michel, Green Bay, and Brown County failed implement policies to record or preserve video or audio recordings of the "sally port" area. As a result, officers in the "sally port" know that incidents of excessive force will be unrecorded and likely to be unreported and/or undisciplined due to lack of evidence. This failure to install recording equipment or preserve recordings constitutes inadequate supervision of the "sally port" area of the Brown County Jail by Smith, Gossage, Michel, Green Bay, and Brown County.

45. The failure to supervise officers constitutes deliberate indifference by Smith, Gossage, Michel, Green Bay, and Brown County to the constitutional rights of those that will come into contact with police officers, sheriff deputies, and/or correctional officers. This deliberate indifference was the moving force behind O'Brien's use of

unconstitutionally excessive and deadly force against Mr. Tubby, and the other officers' failure to intervene.

46. As a result of the failure to supervise by Smith, Gossage, Michel, Green Bay, and Brown County, Mr. Tubby's estate is entitled to damages in an amount to be determined at trial and Plaintiffs are entitled to injunctive relief that will prevent other incidents of deadly force at the Brown County Jail.

### COUNT IV—Direct Action—Wis. Stat. § 895.46
### (Against City of Green Bay)

47. Plaintiffs incorporate by reference all allegations set forth in paragraphs 1 through 46 above, as if fully set below.

48. The City is responsible and liable under Wis. Stat. § 895.46 to pay any judgment for damages and costs entered against Defendant Officers O'Brien, Wernecke, and those Defendant John Doe officers employed by the Green Bay Police Department, because their acts at issue resulting in the death of Mr. Tubby were done within the scope of their employment as City police officers while carrying out their duties as officers and employees of the City.

### COUNT V—Direct Action—Wis. Stat. § 895.46
### (Against Brown County)

49. Plaintiff incorporates by reference all allegations set forth in paragraphs 1 through 48 above, as if fully set below.

50. Brown County is responsible and liable under Wis. Stat. § 895.46 to pay any judgment for damages and costs entered against those John Doe sheriff deputies and

correctional officers employed by Brown County, because their acts at issue resulting in the death of Mr. Tubby were done within the scope of their employment as County deputies and correctional officers while carrying out their duties as employees of Brown County.

## **RELIEF REQUESTED**

Wherefore the Plaintiffs sue for relief as from the Defendants, jointly and severally, as follows:

A. Actual monetary damages in an amount determined by a jury for each of plaintiff's causes of action.
B. The award of punitive damages in an amount to be determined by a jury.
C. The award of reasonable attorneys' fees, costs, and disbursements of this action.
D. Injunctive relief requiring the City of Green Bay and Brown County to adopt policies regarding the use of force to prohibit the use of lethal force against anyone who is in custody and restrained.
E. Injunctive relief requiring the City of Green Bay and Brown County to conduct training for all law enforcement officers and correctional staff on the appropriate use of force.
F. Injunctive relief requiring Brown County to install, operate, and maintain appropriation audio visual recording equipment to capture and preserve a record of any events occurring on jail property.
G. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: January 24, 2019

By */s/ Skip Durocher*_____
Skip Durocher (WI Bar 1018814)
durocher.skip@dorsey.com
Forrest Tahdooahnippah (MN Bar 0391459)
forrest@dorsey.com
Jack Huerter (WI Bar 1098170)
huerter.jack@dorsey.om
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

David R. Armstrong (WI Bar 1070205)
david.armstrong4@gmail.com
8975 Westchester Dr.
Manassas, VA 20112

*Attorneys for Plaintiffs*