UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN DOXTATOR, ARLIE DOXTATOR, and
SARAH WUDERLICH, as Special Administrators
of the Estate of Jonathon C. Tubby,

        Plaintiffs,

  v.                                      Case No. 19-C-137

ERIK O'BRIEN, ANDREW SMITH,
TODD J. DELAIN, HEIDI MICHEL,
CITY OF GREEN BAY, BROWN
COUNTY, JOSEPH P. MLEZIVA,
NATHAN K. WINISTERFER,
THOMAS ZEIGLE, BRADLEY A.
DERNBACH, and JOHN DOES 1-5,

        Defendants.

## DECISION AND ORDER DENYING BROWN COUNTY'S MOTION TO DISMISS DEFENDANTS ERIK O'BRIEN, ANDREW SMITH, AND CITY OF GREEN BAY'S CROSS-CLAIM

Plaintiffs Susan Doxtator, Arlie Doxtator, and Sarah Wuderlich filed this action pursuant to 42 U.S.C. § 1983, in their capacities as the special administrators of the Estate of Jonathon C. Tubby, seeking damages against Defendants for the fatal shooting of Tubby. The court has jurisdiction over this case under 28 U.S.C. § 1331. Defendant Brown County filed a motion to dismiss Erik O'Brien, Andrew Smith, and the City of Green Bay's (City Defendants) cross-claim for state law indemnification and contribution against the County pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The County asserts that the City Defendants' cross-claim must be dismissed because they failed to comply with Wisconsin's notice of claim statute, Wis. Stat. § 893.80. For the following reasons, the motion will be denied.

**BACKGROUND**

Plaintiffs bring this action as special administrators of the estate of Jonathon Tubby. The amended complaint alleges that, on October 19, 2018, Officers Erik O'Brien and Colton Wernecke of the Green Bay Police Department stopped Tubby for a traffic violation. The officers arrested Tubby, handcuffed him, and placed him in their patrol vehicle for transport to the Brown County Jail. Upon entering the sally port of the Jail, Tubby initially refused to exit the patrol vehicle. Employees of both the Green Bay Police Department and the Brown County Sheriff's Department were on scene. O'Brien ultimately fired shots at Tubby, killing him.

Plaintiffs initiated this action on January 24, 2019. On March 25, 2019, the City Attorney for the City of Green Bay served a Notice of Claim and Notice of Injury under Wis. Stat. § 893.80 on the County. The next day, March 26, 2019, the City Defendants filed a cross-claim against the County. The City Defendants claim that the Green Bay Police Department maintained jurisdictional control of Tubby from the time of the initial arrest up until the City Officers entered the sally port of the Brown County Jail. Because the Brown County Sheriff's Office maintained jurisdictional command and control over the Brown County Jail, Officer O'Brien was under the jurisdiction, direction, supervision, and control of Lieutenant Ziegle and the Brown County Sheriff's Department when he assisted in extracting Tubby from the squad car. The City Defendants allege that, as a result, Officer O'Brien is deemed by law under Wis. Stat. § 66.0313 to be an employee of Brown County for purposes of Wis. Stat. § 895.46 and Officers O'Brien and Smith are entitled to indemnification and contribution from Brown County. The City Defendants also claim that, if Plaintiffs obtain a judgment against any of the City Defendants, Brown County is legally required to indemnify the City under Wis. Stat. § 895.46 and will be responsible for all attorneys' fees and

costs incurred in the defense of the City Defendants. Dkt. No. 41. The County filed its motion to dismiss the City Defendants' cross-claim on April 16, 2019.

**ANALYSIS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the formal sufficiency of the pleadings and permits a party to move to dismiss a claim that does not state a right to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The County argues that the City Defendants' cross-claim should be dismissed because they failed to comply with the notice of claim requirements of Wis. Stat. § 893.80 before filing their cross-claim.

In order to commence a lawsuit against a governmental entity in Wisconsin, a claimant "must, as a precursor to actually filing suit, serve written notice of the circumstances of the claim within 120 days after the happening of the event." *E-Z Roll Off, LLC v. Cty. of Oneida*, 2011 WI 71, ¶ 20, 335 Wis. 2d 720, 800 N.W.2d 421 (citation omitted); *see* Wis. Stat. § 893.80(1d)(a). The claimant must also present the written claim to an appropriate official. § 893.80(1d)(b). The notice of claim provision "delays the filing of potential claims in order to afford the municipality an opportunity to settle the claim without litigation. . . . The municipality has 120 days to disallow any claim presented." *State ex rel. Auchinleck v. Town of LaGrange*, 200 Wis. 2d 585, 593, 547 N.W.2d 587 (1996). The County claims that the City Defendants improperly filed their cross-claim before receiving a disallowance of claim from the County. In response, the City Defendants assert that the notice requirements of § 893.80 do not apply to claims for contribution against a municipality.

Although the Wisconsin Supreme Court initially found that the language of § 893.80 "clearly and unambiguously makes the notice of claim requirements applicable to all actions," *Department of Natural Resources v. City of Waukesha*, 184 Wis. 2d 178, 181, 515 N.W.2d 888 (1994), the court has since recognized certain exceptions to the notice of claim requirements. *See E-Z Roll Off*, 335 Wis. 2d 720, ¶¶ 21–23 (citing cases). One such exception was created in *Dixson v. Wisconsin Health Organization Insurance Corp.*, 2000 WI 95, 237 Wis. 2d 149, 612 N.W.2d 721. There, a mother and her two-year-old daughter sued their landlord for injuries the child allegedly sustained after she ingested lead paint chips from their house. *Id.* at ¶ 1. Because the plaintiffs participated in a subsidized housing program, the defendant landlord impleaded the City of Milwaukee, claiming that the City had a duty to inspect rent assistance properties for lead-based paint, and seeking contribution on the plaintiffs' tort claim. *Id.* at ¶ 2. The issue before the Wisconsin Supreme Court was whether the landlord was required to file a notice of claim pursuant to Wis. Stat. § 893.80 before bringing her claim against the City.

The court held that contribution claims brought against municipalities and governmental entities are not subject to the normal requirements for serving a written notice of claim. *Id.* at ¶ 12. It reasoned that, while the cause of action for contribution has its roots in the underlying incident, a claim for contribution is separate and distinct from the underlying cause of action. *Id.* at ¶ 14 (citing *State Farm Mut. Auto. Ins. Co. v. Schara*, 56 Wis. 2d 262, 264, 201 N.W.2d 758 (1972)). In other words, the cause of action for contribution does not accrue with the underlying claim and becomes "an enforceable right only when one joint tortfeasor pays more than his or her proportionate share of the damages." *Id.* (citation omitted). The court also noted that it would be impractical to apply the 120-day notice requirement to contribution claims because "the event

giving rise to the contingent claim . . . typically occurs long after the event giving rise to the underlying claim." *Id*. at ¶¶ 15–16. It thus concluded that "a claim for contribution is a contingent claim not subject to the 120-day notice of claim requirement in the statute." *Id.* at ¶ 12; *see also Coulson v. Larsen*, 94 Wis. 2d 56, 59, 287 N.W.2d 754 (1980) (noting that the statute "does not contemplate claims for contribution and that the time limitation which the section imposes is inappropriate for contribution claims"). And if a party is not subject to one subsection of § 893.80, it would be illogical to require notice under the other.

Much the same is true of a claim for indemnification. In this case, for example, if the triggering event is the alleged excessive force used by the officer, no claim for indemnification can even arise until the officer is sued, which in most cases will be more than 120 days later. Thus, as in contribution cases, the officer may well not even know of the existence of a claim until after the 120-day time limit for notice of injury has passed. Moreover, other than the attorneys' fees portion, the City's claim for indemnification is wholly contingent and will not arise unless and until the City officers are found liable. The amount of the attorneys' fees is likewise unknown until the case is complete. For all of these reasons, the court concludes that the notice of claims statute, § 893.80, does not apply to the City's claim for indemnification under § 895.46.

The County asserts that the City Defendants' cross-claim is not a contingent, negligence-based claim for contribution like the one asserted in *Dixson*, as it contains no allegations of potential joint-liability in tort between the City Defendants and the County. But the City Defendants' claim for contribution and indemnification is a contingent claim based on the underlying cause of action asserted by Plaintiffs and requires a determination of whether the City Defendants and the County are jointly liable if Plaintiffs prevail. Because Wis. Stat. § 893.80 was not intended to apply to

5

contingent claims for contribution, the City Defendants were not required to file a notice of claim before filing its cross-claim against the County.

Finally, the County asserts in its reply brief that no right to contribution exists in § 1983 actions. The court will not consider arguments raised for the first time in the County's reply brief. *See United States v. Kennedy*, 726 F.3d 968, 974 n.3 (7th Cir. 2013) ("Arguments raised for the first time in a reply brief . . . are waived." (citing *Broaddus v. Shields*, 665 F.3d 846, 854 (7th Cir. 2011))). In any event, the City's cross-claim against the County appears to rest on § 895.47, not § 1983. Thus, even if properly before the court, the argument would be rejected at least at this stage of the proceedings. Accordingly, the court denies the County's motion to dismiss.

## CONCLUSION

For these reasons, Brown County's motion to dismiss the City Defendants' cross-claim (Dkt. No. 54) is **DENIED**.

**SO ORDERED** this   24th   day of May, 2019.

>  s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court