UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SUSAN DOXTATOR, et al.,

        Plaintiffs,

        v.                                    Case No. 19-C-137

ERIK O'BRIEN, et al.,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFFS'
## MOTION TO COMPEL AND FOR SANCTIONS

Plaintiffs Susan Doxtator, Arlie Doxtator, and Sarah Wuderlich filed this action pursuant to 42 U.S.C. § 1983 in their capacities as the special administrators of the Estate of Jonathan C. Tubby, seeking damages against the City of Green Bay, Brown County, and various officers and employees of the Green Bay Police Department and Brown County Sheriff Department for the fatal, officer-involved shooting of Mr. Tubby on October 19, 2018. Mr. Tubby was shot by a Green Bay Police Officer in the sally port of the Brown County Detention Center. He was unarmed and in handcuffs. Defendants contend that just prior to the shooting, Mr. Tubby claimed he had a gun, was holding his hands under his shirt as if he in fact did have a gun, and refused to comply with the directions of the officers that he remove his hands from under his shirt and exit the squad car in which he had been transported.

This matter comes before the court on Plaintiffs' motion to compel and for sanctions. Plaintiffs seek to compel Brown County to designate and produce a witness to testify regarding thirteen separate Rule 30(b)(6) topics. The County has objected to Plaintiffs' request that it produce a Rule 30(b)(6) witness as to two of the topics listed: Topic 1, which covers Brown

County's efforts, or the efforts of Brown County's officers, to determine whether Mr. Tubby was armed after his arrest on October 19, 2018, including any efforts to contact family members including but not limited to Theresa Rodriguez; and Topic 2, which covers the existence of any exigencies on the night of October 19, 2018, requiring the removal of Mr. Tubby from Officer Wernecke's squad car.

Rule 30(b)(6) permits a party to name as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity." Fed. R. Civ. P. 30(b)(c). The rule further requires the named organization to designate an agent to testify on the organization's behalf. The "persons designated [by the given organization] must testify about information known or reasonably available to the organization." *Id.* Rule 30(b)(6) serves several purposes: it reduces the difficulties encountered in determining, prior to the taking of a deposition, whether a particular employee or agent is a "managing agent;" it curbs the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization; and it assists organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge. Advisory Committee Notes on Rule 30(b)(6).

The scope of Rule 30(b)(6) is limited by Rule 26 which permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26 also allows a court, upon a showing of good cause, to enter a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Finally, Rule 26 requires that the court must limit the frequency or extent of discovery if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

In this case, Plaintiffs assert that Topics 1 and 2 are proper topics for a Rule 30(b)(6) deposition. They argue that the use of a Rule 30(b)(6) witness to testify to these topics would be most efficient because, without a Rule 30(b)(6) deposition, Plaintiffs will be required to "depose thirty some law enforcement officers" regarding their efforts to determine whether Mr. Tubby was armed at the time of his shooting and whether any exigency existed that required him to be forced from containment in a squad car. Dkt. No. 95 at 2. Plaintiffs ignore the fact, however, that they have already taken the deposition of Lieutenant Thomas Zeigle, the highest-ranking officer of the Brown County Sheriff's Department at the scene, for some five hours and he was questioned about these very topics. Moreover, Defendants have already disclosed the name and address of every witness likely to have discoverable information, along with the subjects of that information, as well as any report or other evidence, that may be used to support any claims or defense. Fed. R. Civ. P. 26(a)(1)(A).

Finally, discovery of the specific facts surrounding an isolated event are not the kind of information that Rule 30(b)(6) is intended to address. Rule 30(b)(6) notices are used to obtain "information known or reasonably available to the organization," not the personal knowledge of easily identified individuals. Fed. R. Civ. P. 30(b)(6). The events surrounding the shooting death

3

of Mr. Tubby are not the result of organizational decision making or historical processes undertaken on behalf, at the direction, or with the knowledge of the County. In essence, Plaintiffs are requesting the court to order the County to designate and properly prepare a representative to testify on its behalf with respect to the detailed factual information possessed by each individual officer. The nature of these topics would require the deponent to personally interview the individual officers and then testify in detail about each officer's personal actions and observations. In this case, no risk of bandying exists, as the identities of the officers are readily available to Plaintiffs and the individual officers are in a better position to testify about what they witnessed. Having already deposed the supervisory fact witness with direct personal knowledge of the events in question, Plaintiffs have no need of a further deposition of the same witness now pressed into the role of a private investigator.

Under these circumstances, a Rule 30(b)(6) deposition is not the appropriate discovery tool for these topics. The discovery sought in Topics 1 and 2 is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient and less burdensome. In addition, Plaintiffs have already had ample opportunity to obtain the information by discovery in the action. Accordingly, Plaintiffs' motion to compel and for sanctions (Dkt. No. 88) is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 10th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge