FORREST TAHDOOAHNIPPAH
Partner
(612) 492-6876
forrest@dorsey.com

August 14, 2020

**E-FILED**

The Honorable William C. Griesbach
United States Courthouse Room 203
125 South Jefferson Street
Green Bay, WI 54301-4541

      Re:    *Doxtator v. O'Brien, et al.* Case No. 19-CV-00137D

Dear Judge Griesbach:

I write on behalf of the Plaintiffs in the above referenced case to request a telephone conference in advance of Plaintiffs' filing a motion to compel Rule 30(b)(6) testimony. The issue is not complex—during discovery Plaintiffs learned that there was a potential issue of spoliation of electronically stored information and sought Rule 30(b)(6) testimony on the issue that was not provided.

As you are aware, this case concerns the October 2018 shooting death of an unarmed man, Jonathon Tubby, at the Brown County jail at the hands of a Green Bay police officer (Defendant O'Brien). In addition to O'Brien, many other Green Bay police officers were present on the scene—all of whom had Green Bay Police Department issued cell phones. This case was initiated in January 2019. The City of Green Bay never issued a legal records hold and, in February 2019, the Green Bay Police Department replaced all patrol officers' phones and destroyed the data on the prior phones.

Accordingly, in February 2020, after first learning about this loss of data, Plaintiffs noticed a Rule 30(b)(6) deposition of the City of Green Bay that included the topic "your document collection and preservation efforts in this case." Plaintiffs met and conferred *twice* with the Green Bay Defendants to alert them that the issue of the destruction of data on the cell phones was the primary reason that this topic was noticed and that Plaintiff expected any witness to be able to discuss that destruction of data.

After much delay (some of which was attributable to the COVID19 pandemic), Plaintiffs finally produced a witness on this topic on August 4, 2020. Yet, despite the Green Bay Defendants' obligation to prepare this witness, *see, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 C 1531, 2011 U.S. Dist. LEXIS 3292, at *4 (N.D. Ill. Jan. 12, 2011); *Alloc, Inc. v. Unilin Decor N.V.*, No. 02-C-1266, 2006 U.S. Dist. LEXIS 65889, at *7 (E.D. Wis. Aug. 29, 2006), the witness was unable to answer basic questions regarding the types of data on the cell phones (such as text message, pictures, videos). The witness also testified that emails from only one person were collected—raising the issue that the Green Bay Defendants' ESI collection as a whole was inadequate.

Plaintiffs raised these issues with the Green Bay Defendants and offered a compromise—permit a limited number of written deposition questions. The Green Bay Defendants have rejected this compromise, arguing vaguely that prior explanations in email and letter correspondence adequately resolves this issue. Not only does it not resolve the issue—to date Plaintiffs have no idea what data was lost—it also does not provide an accountable response. The emails and letter correspondence are not sworn testimony from a witness, but are just meet and confer statements from counsel. Accordingly, Plaintiffs respectfully request a conference with this court to expeditiously resolve this simple and straightforward issue by ordering the Green Bay Defendants to either produce a prepared witness or answer written depositions questions.

        Respectfully submitted,

        DORSEY & WHITNEY LLP

        *Forrest Tahdooahnippah*

        Forrest Tahdooahnippah
        Partner

FT:lk