

FORREST TAHDOOAHNIPPAH
Partner
(612) 492-6876
forrest@dorsey.com

December 21, 2020

**E-FILED**

The Honorable William C. Griesbach
United States Courthouse Room 203
125 South Jefferson Street
Green Bay, WI 54301-4541

    Re:    Request for Oral Argument in *Doxtator v. O'Brien, et al.*, Case No. 19-cv-137

Dear Judge Griesbach:

    I write on behalf of Plaintiffs in the above captioned case to respectfully request the Court schedule oral argument on Defendants' Motions for Summary Judgment, and all other pending motions. As the Court is aware, courts in the Seventh Circuit exercise their discretion to grant requests for oral argument when a hearing would be "helpful or necessary to resolution of a pending motion." *Cargill Meat Solutions Corp. v. Freezer Refrigerated Storage, Inc.*, Case No. 12-cv-725, 2013 U.S. Dist. LEXIS 129314, *3 (S.D. Ill. Sept. 11, 2013). Here, Plaintiffs believe oral argument would not only be helpful but necessary to aid the Court in resolving the pending motions, and to give the parties a full and fair opportunity to address any outstanding disputed issues.

    First, oral argument is necessary because this case concerns a fatal police shooting. The civil rights issues at stake are extremely important to a free society and Jonathon Tubby's family members have an emotional investment in the case warranting oral argument. *See Taylor v. Wausau Underwriters Ins. Co.*, 423 F. Supp. 2d 882, 885 (E.D. Wis. 2006) (J. Griesbach) (holding oral argument on summary judgment in Section 1983 case involving death of Plaintiffs' family member); *Spychalla v. Boeing Aero. Operations Inc.*, Case No. 11-cv-497, 2015 U.S. Dist. LEXIS 71682, *6 (E.D. Wis. June 3, 2015) (J. Griesbach) (holding oral argument on summary judgment and motions to exclude expert testimony in products liability wrongful death case).

    Second, oral argument will be helpful to fully address the video evidence in this case. Video evidence cannot be adequately contextualized in the parties' written briefing given the limitations of that medium. Plaintiffs believe that the Court's understanding of the issues would therefore be aided by allowing the parties to present this video evidence during a hearing, and for the Plaintiffs to explain in particular how that video evidence supports Plaintiffs' positions on the pending motions. Foregoing a hearing creates the avoidable risk that the Court may misapprehend critical points made by the Plaintiffs based on their inability to address such video evidence in their written briefing.

    Finally, oral argument is necessary to avoid confusion caused by Defendants' reply memoranda in support of their summary judgment motions, and for Plaintiffs to address the

50 South Sixth Street | Suite 1500 | Minneapolis, MN | 55402-1498 | **T** 612.340.2600 | **F** 612.340.2868 | dorsey.com
4848-4103-7525\2

Case 1:19-cv-00137-WCG   Filed 12/21/20   Page 1 of 2   Document 149



The Honorable William C. Griesbach
December 21, 2020
Page 2

additional declarations submitted by Defendants. After Plaintiffs' raised numerous factual issues in response to Defendants' summary judgment motions, Defendants simply side-stepped Plaintiffs' arguments by claiming that drawing reasonable inference from evidence (such as video or an autopsy) constitutes "speculation" or that Plaintiffs' well-founded evidence is inadmissible. While Defendants' arguments are wrong on their face, Plaintiffs nevertheless respectfully request an opportunity to respond.

        Regards,

        DORSEY & WHITNEY LLP

        *Forrest Tahdooahnippah*

        Forrest Tahdooahnippah
        Partner

FT:jh