# GUNTA LAW OFFICES, S.C.
## ATTORNEYS AT LAW

*Attorneys*
Gregg J. Gunta, Esq.
John A. Wolfgang, Esq.*
*Partner
Ann C. Wirth, Esq.
Jasmyne M. Baynard, Esq.
Tom Armstrong, Esq.**
**Of Counsel

*Paralegals*
Kerry Fredericks
Kimberly Griffith
Tammy Murphy

December 23, 2020

**E-FILED**

The Honorable William C. Griesbach
United States Courthouse Room 203
125 South Jefferson Street
Green Bay, WI 54301-4541

  RE: Plaintiffs' Request for Oral Argument in Estate of Jonathan C. Tubby v. O'Brien, et al., Case No: 19-CV-00137.

Dear Judge Griesbach,

  Please accept this letter as Defendants' objection to Plaintiffs' December 21, 2020 request for oral arguments on the summary judgment, venue, and expert motions in the above captioned matter. For the reasons stated herein, the Court should deny such a request.

  Although a district court judge may hear oral arguments at its discretion when helpful or necessary to the resolution of a pending motion, that is not the case here. *Cargill Meat Sols. Corp. v. Freezer Refrigerated Storage, Inc*, No. 12-CV-0725-MJR-SCW, 2013 WL 4854419, at *1 (S.D. Ill. Sept. 11, 2013)(denying request for oral argument due to lack of unique circumstances and where challenged deficiencies were adequately addressed in briefs). Courts in this circuit have similarly denied a request for oral argument in cases where the parties have had an abundance of opportunities to present their arguments to the Court, including the submission of supporting, response, and reply briefs. *Harleysville Lake States Ins. Co. v. Granite Ridge Builders, Inc.*, No. 1:06-CV-397-TS, 2009 WL 102438, at *1 (N.D. Ind. Jan. 13, 2009)(denying request for oral argument because the parties have been afforded this abundance of opportunities to thoroughly brief the issues and develop their arguments).

  Plaintiffs suggest that oral argument is necessary because: this case concerns a fatal police shooting; oral arguments will assist in understanding the video evidence; and oral argument is necessary to "avoid confusion" caused by Defendants' Reply Memoranda. These Defendants strongly disagree. Plaintiffs request an extraordinary remedy in ordinary circumstances. The facts and legal arguments are presented adequately in the briefs and record, and the decisional process would not be aided significantly by oral argument. Plaintiffs do not claim that oral argument is necessary to determine the dispositive issues. Additional argument is an unnecessary use of the Courts' and parties resources.

  First, the fact that this matter involves a fatal police shooting and that the family is emotionally invested is an arbitrary reason to permit oral argument. The same could be said for all types of litigation. Second, all parties, including Plaintiffs, rely on the video evidence. Plaintiffs have

-1-

not alleged that the video is doctored or altered in anyway. However, Plaintiffs ask the Court to allow them to present the video to the Court and explain to the Court how the video supports their position on the pending motions. Plaintiffs' counsel suggests that the Court is not capable of reviewing the evidence before it, or the parties' objections to the use of certain evidence without additional argument from Plaintiffs. To the contrary, this competent Court is wholly capable of reviewing the evidence without additional assist from the parties.

Finally, oral argument on the pending venue and Daubert motions is unnecessary, premature, and should be the subject of pre-trial matters. With regard to Plaintiffs' Motion to Transfer Venue, oral argument is not necessary as the issue is not complex and has been fully briefed. As indicated in their response to Plaintiffs' Motion to Strike the Expert Opinions of Dr. Peters, Defendants plan on bringing a motion to strike the opinions of Plaintiffs' Expert Jeffrey Nobel.

Accordingly, Defendants believe that Plaintiffs' request is unnecessary with regard to the summary judgment motions and premature with regard to the venue and Daubert motions. The Plaintiffs' lack of formality in merely filing a letter with the Court requesting oral argument highlights the absence of merit in their request. Therefore, the Court should deny the request and base its ruling on the written submissions. If, after considering the parties' submissions and all supporting materials, the Court determines that it cannot make a determination without oral argument, such argument should be scheduled at that time.

Very truly yours,

/s/ Jasmyne M. Baynard

Jasmyne M. Baynard, WI State Bar No. 1099898
Gregg J. Gunta, WI State Bar No. 1004322
GUNTA LAW OFFICES, S.C.
9898 West Bluemound Road, Suite 2
Wauwatosa, Wisconsin 53226
T:(414) 291-7979 / F:(414) 291-7960
Email: jmb@guntalaw.com
  gjg@guntalaw.com

JMB