UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SUSAN DOXTATOR, et al.,

        Plaintiffs,

        v.                          Case No. 19-C-137

ERIK O'BRIEN, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiffs Susan Doxtator, Arlie Doxtator, and Sarah Wuderlich filed this action pursuant to 42 U.S.C. § 1983 in their capacities as the special administrators of the Estate of Jonathon C. Tubby, seeking damages against Defendants for the fatal, officer-involved shooting of Tubby. This matter comes before the Court on Plaintiffs' motion for attorney's fees and costs. On January 14, 2020, Plaintiffs filed a motion to compel Officer Salzmann, a non-party eye witness to the shooting, to continue his deposition and answer questions regarding his tattoos and to sanction Officer Salzmann and the City of Green Bay for their refusal to cooperate in the discovery process. The Court granted the motion on February 21, 2020, directed Officer Salzmann to answer the questions posed at his continued deposition regarding the tattoos on his forearm, and ordered Officer Salzmann and the City to pay Plaintiffs' expenses in bringing the motion to compel and for the costs associated with continuing Officer Salzmann's deposition. Dkt. No. 77. Plaintiffs seek $12,827.05 for the time of three attorneys and one paralegal and also request that the Court order Defendants to pay the fees and costs in the amount of $18,491.00 incurred in bringing the

instant motion for attorneys' fees. In all, Plaintiffs seek $31,318.05 in attorneys' fees. For the follow reasons, Plaintiffs' motion will be partially granted.

"The touchstone for a district court's calculation of attorney's fees is the lodestar method, which is calculated by multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (citing *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856 (7th Cir. 2009)). District courts enjoy "wide latitude" in establishing attorney fee awards. *Divane v. Krull Elec. Co.*, 319 F.3d 307, 314 (7th Cir. 2003).

Defendants assert that the hourly rates sought are unreasonable. Plaintiffs request that the Court apply their lawyers' current hourly rates, including $350 per hour for Attorney Jack Huerter, $515 per hour for Attorney Forrest Tahdooahnippah, $770 per hour for Attorney Vernle Durocher, and $305 per hour for Paralegal Reckin. A reasonable hourly rate is defined as "one that is 'derived from the market rate for the services rendered.'" *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (quoting *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003)). Defendants assert that the rates are not in line with those charged by the most experienced plaintiffs' civil rights attorneys in the Eastern District of Wisconsin. But the Seventh Circuit has recognized that "if an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount." *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743–44 (7th Cir. 2003). Thus, while the hourly rates Plaintiffs seek may not be in line with the rates charged in the Eastern District of Wisconsin, the Court declines to reduce the rates requested on this basis alone. Plaintiffs have established that these rates are Plaintiffs' counsel's standard hourly rates. Therefore, the Court finds that the request rates are reasonable.

Defendants also argue that the number of hours expended in bringing the motion is excessive given the limited nature of the discovery dispute. Plaintiffs claim a total of 30.3 hours spent by three attorneys—25.1 hours by Attorney Huerter, 4.3 hours by Attorney Tahdooahnippah, and 0.9 hours by Attorney Durocher—preparing and reviewing the motion to compel, the 11-page brief in support, and the 11-page brief in reply. Plaintiffs also claim a total of 0.9 hours spent by Attorney Tahdooahnippah preparing for and attending the second deposition of Officer Salzmann and 1.0 hour of paralegal time compiling the billing records.

While the attorneys may have spent 30.3 hours preparing and reviewing the motion to compel, they should have exercised billing judgment in winnowing these hours down to those reasonably expended and excluded those hours that were excessive and unnecessary. There is nothing legally or factually complex about the issue involved in the motion to compel. The single issue raised in the motion concerned whether Officer Salzmann must respond to questions concerning the meaning and significance of his tattoos. It is difficult to see how 30.3 hours of work performed by three attorneys would be required to address the matter posed by this narrow discovery dispute. The hours Plaintiffs' three attorneys expended on the motion to compel and accompanying briefs will be reduced because of the simplicity of the issues involved, the fact that those issues did not require the attorneys to conduct extensive research, and the suggestion of duplication of work by multiple attorneys. Accordingly, I will reduce the number of hours each attorney spent on the motion by fifty percent.

Although Defendants challenge the reasonableness of Attorney Tahdooahnippah expending 0.9 hours preparing for Officer Salzmann's second deposition and Paralegal Reckin spending 1.0 hour preparing billing records related to the motion to compel, the Court does not find the time expended on these tasks unreasonable and will not reduce these amounts.

Finally, Plaintiffs seek $18,491.00 for the attorney's fees and costs incurred in bringing the instant motion. Before Plaintiffs filed their motion to compel payment of attorney's fees and costs, Defendants offered as a compromise to pay Plaintiffs $6,413.75. Because the Court awards costs in line with the amount Defendants originally offered to pay, the Court will not award additional fees related to the instant motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to compel payment of attorney's fees and costs (Dkt. No. 151) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The attorney's fees due to Plaintiffs resulting from their successful motion shall be $6,976.75.

**IT IS FURTHER ORDERED** that Plaintiffs' motions to restrict (Dkt. Nos. 154 & 162) are **GRANTED**.

Dated at Green Bay, Wisconsin this 19th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge